■ In the Matter of NORTON NESIS et al., Appellants-Respondents, v EDMUND A. BUSCEMI et al., Respondents-Appellants. WEATHERVANE OWNERS CORPORATION, Intervenor-Respondent-Appellant. [664 NYS2d 817] —In a proceeding pursuant to CPLR article 78 to review a determination of the Architectural Review Board of the City of Long Beach dated July 19, 1996, which, after a hearing, denied the petitioners' application for a building permit, the petitioners appeal from so much of a judgment of the Supreme Court, Nassau County (Schmidt, J.), dated July 19, 1996, as failed to award them

"damages, sanctions, costs, and attorneys fees". The Weathervane Owners Corporation cross-appeals, and Edmund A. Buscemi, Pearl Weil, Michael G. Zapson, Francesca Capitano, and James Moriarty, members of the City Council of the City of Long Beach sitting as the Architectural Review Board of the City of Long Beach and the City of Long Beach separately cross-appeal, as limited by their respective briefs, from so much of the judgment as granted the petition, annulled the determination of the Architectural Review Board, and directed the City of Long Beach to issue a building permit to the petitioners.

Ordered that the appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is modified by deleting the provision thereof which directed the City of Long Beach to issue a building permit to the petitioners, and substituting therefor provisions which (1) direct the Architectural Review Board of the City of Long Beach to approve the petitioners' revised plans for construction, and (2) direct the Building Commissioner of the City of Long Beach to make a determination of whether the revised plans satisfy the zoning and building regulations of the City of Long Beach; as so modified, the judgment is affirmed insofar as cross-appealed from, without costs or disbursements.

Although the Supreme Court correctly held that the determination of the Architectural Review Board of the City of Long Beach (hereinafter the ARB) was not supported by substantial evidence (*see,* CPLR 7803 [4]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180), it incorrectly directed the City of Long Beach to issue a building permit. Pursuant to City of Long Beach Code § 7-253, promptly after the Building Commissioner receives the plans and the application for a building permit, *inter alia,* for the construction of a structure, the Building Commissioner transmits the plans and application to the ARB for approval. Only when approval is given can a building permit be issued by the Building Commissioner. Here, no such approval was given. Accordingly, the Supreme Court should have directed the ARB to approve the application.

Immediately after the ARB approves the application, the revised plans should be submitted to the Building Commissioner for a determination of whether they satisfy the zoning and building regulations of the City of Long Beach. If the Building Commissioner determines that there are no violations, a building permit should be issued to the petitioners with all due

speed. Copertino, J. P., Friedmann, Krausman and Goldstein, JJ., concur.